# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EDMOND MACHIE,            )
                                     )
             Plaintiff,        )
                                     )
v.                               )         Civil Action No. 1:25-cv-00835 (UNA)
                                     )
                                     )
UNITED STATES CITIZENSHIP     )
AND IMMIGRATION SERVICES,    )
                                     )
                                     )
             Defendant.     )

## MEMORANDUM OPINION

This matter is now before the court on plaintiff's *pro se* amended complaint ("Am. Compl."), ECF No. 4, filed in response to the court's order, ECF No. 3 (entered Mar. 26, 2025), and his application for leave to proceed *in forma pauperis* ("IFP"). Upon review, the court grants plaintiff's IFP application and, for the reasons explained below, it dismisses this matter for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Plaintiff sues the U.S. Citizenship and Immigration Services ("USCIS"). Am. Compl. at 1. In his amended complaint, plaintiff details the circumstances of his immigration to the United States from Cameroon in October 2001, by invitation from two government contractors and the United States Ambassador to Cameroon, *see id.* at 2, as well as his subsequent education and employment history, *see id*. at 1–3. He contends that, since October 31, 2001, he and his company, E-Mac, Inc., have submitted multiple applications pursuant to 8 U.S.C. § 1153(b)(2)(B)(i), *see* Am. Compl. at 2–3, a subsection of the "preference quota system," by which an alien with, *inter alia*, a widely recognized and documented "extraordinary ability in the sciences, arts, education,

business, or athletics," who plans to continue gainfully working in their given field in the United States, can obtain a visa, *see id.* § 1153(b)(1)(A), without proof of a job offer, *see id.* § 1153(b)(2)(B)(i), also referred to as a "national interest waiver," *see Bestman v. Dep't of Homeland Security*, No. 20-564, 2025 WL 358764, at *4 (D.D.C. Jan. 31, 2025). He alleges that USCIS denied his petition for a preference quota visa and thus "failed to grant [him] his Notarization as a United States Citizen." *See* Am. Compl. at 3. He demands that this court "grant [him] United States Citizenship." *Id*.

Although plaintiff does not cite to any legal authority, the court notes that the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq*, provides two methods by which a plaintiff may seek equitable relief arising from a federal agency's decision. A court may (1) "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), or (2) "hold unlawful and set aside agency action" that is, among other things, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," *id.* § 706(2).

Because plaintiff challenges a USCIS determination, and does not allege that any decision has been withheld or delayed, § 706(2) appears to be most applicable here. But, per plaintiff's own allegations, he applied for a *visa—not* for citizenship; therefore, there is no agency action, final or otherwise, before this court, regarding plaintiff's application for *citizenship*, if any, as required by statute, *see* 5 U.S.C. § 704. Without a final agency decision, plaintiff may not seek relief pursuant to § 706(2). *See FTC v. Standard Oil Co.*, 449 U.S. 232, 241 (1980); *Sw. Airlines Co. v. DOT*, 832 F.3d 270, 275 (D.C. Cir. 2016).

Nor is § 706(1) applicable to plaintiff's claims. This court is without jurisdiction to unliterally grant plaintiff citizenship or to direct USCIS to do so. "It is one thing to seek to compel an agency to respond to an administrative complaint within a reasonable time. It is entirely another

to seek to control what that response says." *SAI v. Homeland Security*, 149 F. Supp. 3d 99, 109 (D.D.C. 2015). Put differently, "[u]nder Section 706(1) of the APA [Administrative Procedure Act], a court may at times compel an agency 'to take a *discrete* agency action that is it is *required to take*,' but may not direct '*how* it shall act.' " *Id.* (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphases in original) (internal quotation marks omitted)), which is particularly applicable here, because "the sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General," *Onyekwuluje v. Jaddou*, No. 23-1915, 2024 WL 701784, at *1 (3rd Cir. Feb. 21, 2024) (per curiam) (quoting 8 U.S.C. § 1421) (other citation omitted); *see also Angui v. U.S.A. District Court for Citizenship/Immigration*, No. 17-04060, 2017 WL 5956879 (D.S.D. Apr, 27, 2017) (dismissing for failure to state a claim because a court "cannot unilaterally grant [the plaintiff] the relief he seeks: immediate grant of citizenship as a way of bypassing procedures in place to determine citizenship.").

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: April 25, 2025

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge